IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : Case No. 2:17-cr-242 |
| | : |
| v. | : CHIEF JUDGE ALGENON L. MARBLEY |
| | : |
| DAVID L. DOBBINS, | : |
| Defendant. | : |

**OPINION & ORDER**

## I. INTRODUCTION

This matter comes before the Court on Defendant David L. Dobbins' Motion for Compassionate Release. (ECF No. 57). The Government opposes. (ECF No. 61). For the reasons set forth below, the Motion for Compassionate Release is **DENIED**. (ECF No. 57).

## II. BACKGROUND

On August 29, 2018, Defendant David L. Dobbins pleaded guilty to Counts 1-5 and Count 7 of the Superseding Indictment charging him with three counts of possession with intent to distribute heroin (Counts 1, 3, and 4), three counts of possession with intent to distribute cocaine base (Counts 2 and 5) and distribution of heroin and cocaine resulting in the death of another person (Count 7). (ECF No. 37). The guilty plea was pursuant to a plea agreement under Rule 11 (c)(1)(C) that sought to bind the Court to a sentence of 240 months of incarceration, followed by a term of three years of supervised release, and a $600 mandatory special assessment. On February 25, 2019, this Court accepted the plea agreement and adopted the recommended sentence.

Mr. Dobbins is now 42 years of age and currently housed at FCI Gilmer, located in Glenville, West Virginia. His projected release date is October 2, 2034. He has been in custody since his arrest on April 14, 2017.

Mr. Dobbins' Bureau of Prisons ("BOP") medical records confirm that he has underlying health conditions that make him particularly vulnerable to serious medical complications from COVID-19, including chronic obstructive cardiopulmonary disease ("COPD"). He argues that his continued incarceration at FCI Gilmer poses a specific, material risk of complications of COVID-19 that rises to the level of an extraordinary and compelling reason for release.

### III. STANDARD OF REVIEW

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a sentencing court may "reduce the term of imprisonment" of a defendant for "extraordinary and compelling reasons" once the exhaustion requirement or 30-day waiting requirement has been satisfied. 18 U.S.C. § 3582(c)(1)(A); *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020). A district court's decision under § 3582(c)(1)(A) will be reviewed for abuse of discretion, and a district court "must supply 'specific factual reasons'" in support of its compassionate release decision. *United States v. Jones*, 980 F.3d 1098, 1113 (6th Cir. Nov. 20, 2020).

In *United States v. Jones*, the Sixth Circuit clarified the mechanics of compassionate review under 18 U.S.C. § 3582 where an incarcerated person has brought a motion on his own behalf. In *Jones*, the Sixth Circuit announced that U.S.S.G. § 1B1.13 is no longer considered an "applicable" policy statement "in cases where incarcerated persons file their own motions in district court for compassionate release." *Id.* at 1101.

The *Jones* court set forth a three-step framework for district courts to follow when considering motions for compassionate release. *Id.* at 1103. First, district courts must find whether "extraordinary and compelling reasons warrant" a sentence reduction. *Id.* Second, a court must determine whether the reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id.* Given that the *Jones* court found that U.S.S.G. § 1B1.13 was no

longer applicable to motions brought by incarcerated persons on their own behalf, federal district courts may now skip this step in those instances and "have full discretion to define 'extraordinary and compelling' without consulting the policy statement." *Id.* at 1109. Third, a court must consider the factors set forth in 18 U.S.C. § 3553(a) and determine whether, in the court's discretion, the reduction authorized by the statute is "warranted in whole or in part under the particular circumstances of the case." *Id.* at *6 (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

## IV. LAW & ANALYSIS

### A. Exhaustion of Administrative Remedies

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a sentencing court may reduce a term of imprisonment, but only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A); *see also Alam*, 960 F.3d at 832. The Sixth Circuit held that this requirement is not a jurisdictional rule, but a claim-processing rule that "binds the courts only when properly asserted and not forfeited." *Alam*, 960 F.3d at 833.

On August 17, 2020, after Mr. Dobbins submitted a completed Inmate to Staff Member Request for compassionate release, FCI Gilmer Warden R. Hudgins denied Dobbins' request for compassionate release. On October 19, 2020, counsel for Mr. Dobbins submitted a completed BOP Form 229 (BP-9), to the warden via electronic mail. On October 22, 2020, Mr. Dobbins, on his own, submitted a completed BP-9 to the warden. The warden did not respond to either request. Thus, the administrative exhaustion requirement is fulfilled because thirty days passed since the warden received Mr. Dobbins' October 19, 2020 request, and Mr. Dobbins' subsequent January 12, 2021 Motion for Compassionate Release. (ECF No. 57).

3

### B. Extraordinary and Compelling Reasons

Under the analysis set forth in *Jones*, this Court must determine whether "extraordinary and compelling reasons" warrant a reduction in sentence under 18 U.S.C. § 3852(c)(1)(A)(i). This court has "full discretion to define 'extraordinary and compelling'" without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1109.

On January 12, 2021, Defendant David L. Dobbins petitioned this Court for compassionate release, citing his well-documented COPD and concomitant risk of serious illness if infected with the virus that causes COVID-19. (ECF No. 57). On April 2, 2021, the Government filed a response asserting that the issue is now moot because Defendant received his second COVID-19 vaccination on March 23, 2021 (ECF No. 61). Mr. Dobbins filed a reply, noting that even though the vaccinations are effective, the Centers for Disease Control expects breakthrough cases, a risk that seems particularly acute in the incarceration context.

As an initial matter, this Court recognizes the devastating impact of the COVID-19 pandemic and that prison populations are subject to heightened vulnerabilities. The spread of COVID-19 in prisons has been well documented, and FCI Gilmer, where Mr. Dobbins is confined, is no exception. Two-hundred and ninety incarcerated individuals and seventy-three staff members have contracted the virus since the pandemic began. Tragically, one incarcerated person has died from the virus while in FCI Gilmer's care.

One-hundred and forty-two staff and one-thousand and eighty-one incarcerated individuals have been fully vaccinated, however. There are one-thousand five-hundred and twenty-five total

inmates at FCI Gilmer, meaning about 70% of inmates have been fully vaccinated, representing near herd-immunity.[1]

This Court is sensitive to Mr. Dobbins' very serious and well-documented health concerns related to his COPD. Unfortunately for Mr. Dobbins, he has not demonstrated why his continued incarceration poses extraordinary and compelling reasons justifying release. Most of the individuals with whom Mr. Dobbins is interacting are vaccinated, thus mitigating the risk of exposure to COVID-19. In addition, he himself is vaccinated, which provides an additional layer of protection.  Thus, Mr. Dobbins' argument that he continues to be at risk for serious illness or death due to COVID-19 does not rise past the speculative level.

The Motion for Compassionate Release is **DENIED**. (ECF No. 57).

## V. CONCLUSION

For the reasons set forth above, Mr. Dobbins' Motion for Compassionate Release is **DENIED**. (*Id.*).

**IT IS SO ORDERED.**

_____
ALGENON L. MARBLEY
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  July 26, 2021**

---

[1] Cleveland Clinic, *How Much of the Population Will Need to be Vaccinated Until the Pandemic is Over?*, https://health.clevelandclinic.org/how-much-of-the-population-will-need-to-be-vaccinated-until-the-pandemic-is-over (last visited July 14, 2021).